Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DOPE ECOMMERCE LLC d/b/a DOPESKILL a Delaware Limited Liability Company,

Plaintiff,

v.

ZOETOP BUSINESS CO., LTD., a Hong Kong private limited company, individually and doing business as "SHEIN"; SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE., LTD, a Singapore private limited company; SHEIN US SERVICES, LLC, a Delaware Corporation; SHEIN TECHNOLOGY, LLC, a Delaware Corporation; and DOES 1 through 10,

Defendants.

Case No.

**COMPLAINT FOR:**

1. TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
2. COUNTERFEITING UNDER 15 U.S.C. § 1114
3. TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)
4. TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW
5. TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW
6. UNFAIR COMPETITION UNDER CAL. BUS. PROF. CODE § 17200 *et seq.*
7. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

8. COPYRIGHT
   INFRINGEMENT UNDER 17
   U.S.C. § 501
9. VICARIOUS AND/OR
   CONTRIBUTORY
   COPYRIGHT
   INFRINGEMENT
10. VIOLATION OF 17 U.S.C. §
    1202

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff, Dope Ecommerce, LLC ("Plaintiff" or "Dopeskill"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF THE ACTION

1.      Dopeskill seeks injunctive relief and damages for acts of trademark and copyright infringement engaged in by Defendants Zoetop Business Co. LTD., a Hong Kong private limited company, individually and doing business as "Shein"; Shein Distribution Corporation, a Delaware corporation; Roadget Business PTE., LTD., a Singapore private limited company; Shein US Services LLC, a Delaware Corporation; Shein Technology LLC, a Delaware Corporation; and DOES 1 through 10, (collectively, "Defendants") in violation of the laws of the United States.

## JURISDICTION AND VENUE

2.  This action arises under the Lanham Act Title 15 U.S.C. § 1051 *et seq*., and the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

3.  This Court has federal question jurisdiction under Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121), and 28 U.S.C. §§ 1331, 1332, and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  The Court has personal jurisdiction over Defendants because Defendants are doing business in the State of New York and this judicial district; Defendants purposefully availed themselves of the privileges of conducting business in the State of New York and this judicial district; and Defendants regularly conduct business within the State of New York and this judicial district.

5.  Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district.

## THE PARTIES

6.  Plaintiff, Dopeskill, is an ecommerce company that operates an online store <dopeskillbrand.com>. Dopeskill is engaged, *inter alia*, in the creation, promotion and sales of lifestyle and apparel products, including but not limited to streetwear such as t-shirts, hoodies, and related apparel bearing the Dopeskill trademark ("DOPESKILL" or "Mark") in interstate commerce throughout the United States.

7.  Upon information and belief, Defendant ZoeTop Business Co., Ltd. ("ZBC"), individually and doing business as "Shein," is a Hong Kong entity that is doing business with the State of New York.

8.  Upon information and belief, Defendant Shein Distribution Corp., ("SDC") is a Delaware corporation that is doing business with the State of New York.

9.  Upon information and belief, Defendant Roadget Business PTE., LTD. ("Roadget") is a Singapore entity that is doing business with the State of New York.

10. Upon information and belief, Defendant Shein US Services, LLC, ("SUSS") is a Delaware limited liability company that is doing business with the State of New York.

11. Upon information and belief, Defendant Shein Technology, LLC ("ST") is a Delaware limited liability company that is doing business with the State of New York.

12. Upon information and belief, Plaintiff alleges that ZBC, SDC, Roadget, SUSS, and ST do business as "Shein." These entities will be referred to herein collectively as "Shein."

13. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Dopeskill's DOPESKILL trademark, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Dopeskill's rights and the damages to Dopeskill proximately caused thereby.

## DOPESKILL AND TRADEMARKS

15. Dopeskill is the owner, and the sole and exclusive licensor and distributor, of high-quality products and services sold and offered for sale under the DOPESKILL Mark.

16. Dopeskill has been selling its products with its iconic DOPESKILL motif since 2017. The DOPESKILL Mark is synonymous with quality lifestyle and apparel products such as t-shirts, hoodies, and other apparel, and consumers and the trade instantly identify Dopeskill as the source of all products bearing the DOPESKILL Mark.

17. Dopeskill owns a valid and subsisting trademark for the use of its iconic DOPESKILL motif under U.S. Registration No. 90308386.

18. Examples of the use of the DOPESKILL Mark in the marketplace are shown below:

1

**Dopeskill's Registered Mark:**

2

3

# DOPESKILL

4

5

| | |
|---|---|
| Wordmark | DOPESKILL |
| Status | LIVE  REGISTERED |
| Goods & services | IC 025: Clothing and apparel, namely, t-shirts, sweatshirts, and long... |
| Class | 025, 035 |
| Serial | 90308386 |
| Owners | DOPE ECOMMERCE LLC (LIMITED LIABILITY COMPANY; DELAWARE, USA) |

6

7

8

9

10

11

12

13

**DOPESKILL Mark in the Marketplace:**



14

15

16

17

18

19

20

21

22

23

24

25

26

27

Nigel Sylvester x "Nitro" 1s DopeSkill Long Sleeve T-Shirt Sorry I've Been Trappin Graphic
From **$29.99**  $34.99

Quai 54 x Tour Yellow Black 1s DopeSkill T-Shirt Sorry I've Been Trappin Graphic
From **$26.99**  $34.99

28

6

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



### AJ 6 University Blue DopeSkill T-Shirt Trapped Halloween Graphic

**$27.99** $34.99  **Save 20%**

Pay over time for orders over **$35.00** with shop Pay  Learn more

**Color:** White

**Styles:** Adult

### Triple Pink Dunk Low DopeSkill T-Shirt Smile Through The Pain Graphic

**$27.99** $34.99  **Save 20%**

Pay over time for orders over **$35.00** with shop Pay  Learn more

**Color:** Black

**Styles:** Adult

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







19. Consumers have been exposed to the DOPESKILL Mark through Dopeskill's online storefront and through social media.

20. Consumers have also been exposed to the DOPESKILL Mark through Dopeskill's collaborations with retailers such as Amazon.

21. Similarly, Dopeskill's incorporation of the DOPESKILL Mark into its product design has become instantly recognizable within the lifestyle and apparel industry, constituting Dopeskill's original trade dress when incorporated onto lifestyle and apparel products.

22. Dopeskill uses the DOPESKILL Mark as a source identifier, which is evidenced by the inclusion of the Mark on the hangtag of the products and packaging.

23. Dopeskill endeavors to maintain the prestige and reputation for quality associated with the DOPESKILL Mark. As a result of Dopeskill's strict quality control standards imposed in the manufacture of all the products bearing the DOPESKILL Mark, public acceptance among consumers for products bearing the DOPESKILL Mark is widespread.

## DEFENDANTS' ACTS OF TRADEMARK INFRINGEMENT

24. Upon information and belief, Shein used the DOPESKILL Mark in connection with marketing garments through its online listings ("Infringing Mark"). True and correct screen captures exhibiting Defendants' infringing use of the DOPESKILL Mark are shown below:

## <u>Non-Exclusive Exemplars of Infringement:</u>









## <u>Non-Exclusive Exemplars of Infringing Listings:</u>



1



COMPLAINT



25. Upon information and belief, Defendants are using the Infringing Mark in connection with goods that are closely connected to Dopeskill's products bearing the DOPESKILL Mark, including t-shirts and hoodies.

26. Upon information and belief, Defendants are also using the Infringing Mark as a source-identifier, by including the Infringing Mark on the main label, hangtag, and elsewhere.

27. On May 14, 2025, Dopeskill sent a letter to Defendants demonstrating its prior uses and rights in the DOPESKILL Mark and requested to discuss a resolution to the dispute, to no avail.

28. Dopeskill's Mark and the Infringing Mark used by Defendants are the same and the goods and/or services are related.

29. Defendants' use of the Infringing Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation and goodwill of the DOPESKILL Mark and to Dopeskill, and damage to Dopeskill's business relations with consumers and prospective consumers for its products.

30. Upon information and belief, Defendants have sold additional products that appear to infringe upon Dopeskill's DOPESKILL mark and trade dress. Dopeskill will seek leave to amend as additional information becomes available through discovery.

## DEFENDANTS' ACTS OF COPYRIGHT INFRINGEMENT

31. Dopeskill owns original two-dimensional artworks that are used for printing on garments titled "Bean" (Registration No. VAU 1-452-976), "BH Bear" (Registration No. VAU 1-437-441), "Dope Trippin" (Registration No. VAU1-488-115), "Love Kills Bear" (Registration No. VAU 1-475-385), "Trapped" (Registration No. VAU1-452-223) and "Real Lover" (Registration No. VA 2-369-976 ) (collectively "Subject Designs").

32. The Subject Designs are each a creation of Dopeskill and/or Dopeskill's design team, and are and at all relevant times were, owned exclusively by Dopeskill.

33. Dopeskill owns United States Copyright Registrations covering the above-referenced Subject Designs.

34. Prior to the acts complained of herein, Dopeskill displayed and sold on its website garments bearing the Subject Designs to the public.

35. Following this distribution of products bearing the Subject Designs, Dopeskill's investigation revealed that Defendants had misappropriated the Subject Designs and were selling garments bearing illegal reproductions and/or derivations of the Subject Designs.

36. Upon information and belief, Defendants, without Dopeskill's authorization, created, sold, manufactured, caused to be manufactured, imported and/or distributed garments and/or products incorporating artwork that is identical or substantially similar to the Subject Designs ("Infringing Products").

37. Below are non-inclusive comparisons of the Subject Designs and exemplars of Defendants' Infringing Products as displayed on their respective online stores:

| Subject Designs | Infringing Uses |
|---|---|
|  |  |
| "Bean" | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




"BH Bear"




"Dope Trippin"





"Love Kills Bear"





"Trapped"

 

"Real Lover"

### FIRST CLAIM FOR RELIEF
### Trademark Infringement – Lanham Act, 15 U.S.C. § 1114

38. Dopeskill repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

39. Dopeskill is the owner of the valid, subsisting, and distinctive trademark, i.e., the DOPESKILL Mark, as to lifestyle and apparel products.

40. Dopeskill has been using the DOPESKILL Mark in commerce continuously since 2017 and through its promotion and publicity it has acquired secondary meaning in the lifestyle and apparel product market. The DOPESKILL Mark is strong and well-known and is entitled to a broad scope of protection.

41. Dopeskill uses the DOPESKILL Mark as a source identifier, by including the Mark on hangtags and product packaging.

42. The DOPESKILL Mark has acquired secondary meaning, and consumers associate the DOPESKILL Mark exclusively with Dopeskill's products.

43. The secondary meaning acquired is evidenced by the intentional and precise copying by Defendants, the continued and extensive use of the DOPESKILL Mark in Defendants' advertisements for the same products, the duration of Dopeskill's continuous advertisements, sales, and manufacturing of Dopeskill products featuring the iconic DOPESKILL Mark.

44. Defendants' use of the Infringing Mark in connection with lifestyle products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Dopeskill, or as to the origin, sponsorship or approval of Defendants' goods and services.

45. Defendants' use of the DOPESKILL Mark has not been authorized by Dopeskill.

46. Consumers, including Defendants' customers, are likely to believe that their use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval by Dopeskill.

47. Defendants' use of the Infringing Mark in connection with apparel and lifestyle products is likely to cause both forward and reverse confusion, including without limitation, as to whether some affiliation, connection, or association exists between Dopeskill and Defendants.

48. The confusing similarity between the marks is likely to cause consumers to both associate Dopeskill's products with Defendants and Defendants' products with Dopeskill's.

49. As a result of Defendants' infringing acts, Dopeskill has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests.

50. In addition, as a result of Defendants' infringing acts, Dopeskill has suffered, and will continue to suffer, irreparable harm, for which it has no adequate remedy at law with respect to this injury.

51. Unless this Court enjoins Defendants' infringing acts, Dopeskill will continue to suffer a risk of irreparable harm.

52. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in either law or equity.

53. Upon information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling Dopeskill to treble damages, profits, attorneys' fees, and costs pursuant to 15 U.S.C. § 1117.

54. Defendants' acts have damaged and will continue to damage Dopeskill, and Dopeskill has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the DOPESKILL Mark, Dopeskill will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

### Counterfeiting – Lanham Act, 15 U.S.C. § 1114

55. Dopeskill repeats, re-alleges, and incorporates herein by reference as though filly set forth, the allegations contained in the preceding paragraphs of this Complaint.

56. Without Dopeskill's authorization or consent, Defendants have used replicas of Dopeskill's Mark, which are either identical to or substantially indistinguishable from Dopeskill's Mark, in connection with the advertising offering for sale, and sale of apparel and lifestyle products, i.e., unauthorized and counterfeit goods.

57. Defendants' use of the counterfeit mark is in commerce and likely to cause confusion, mistake, or to deceive consumers as to the origin sponsorship, or approval of the goods.

58. Upon information and belief, Defendants' acts have been knowing, intentional, wanton, and willful, entitling Dopeskill to treble damages, profits, attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

59. Defendants' acts have damaged and will continue to damage Dopeskill, and Dopeskill has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the DOPESKILL Mark, Dopeskill will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

**Trade Dress Infringement, False Designation of Origin, and Unfair Competition**
**15 U.S.C. § 1125(a)**

60. Dopeskill repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

61. Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importation of products featuring or incorporating the Infringing Mark in their products in direct competition with Dopeskill, constitutes common law trade dress infringement, at least because Defendants use of Dopeskill's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the

origin or sponsorship and affiliation of their products, at least by creating the false and misleading impression that their products are manufactured by, created by, authorized by, or otherwise associated with Dopeskill.

62.   Dopeskill's trade dress is entitled to protection under common law.

63.   Dopeskill's trade dress includes unique, distinctive, and nonfunctional DOPESKILL Marks and each of their inherently distinctive qualities have achieved a high degree of consumer recognition and serve to identify Dopeskill as the source of the product bearing said trade dress.

64.   The aforementioned trade dress is of such a unique and unusual quality that a consumer would immediately rely on said designs to differentiate the source of goods.

65.   Dopeskill has extensively and continuously promoted and used its trade dress in the United States and New York. Through that extensive and continuous use, Dopeskill's trade dress has become a well-known indicator of the originality and quality of Dopeskill's products.

66.   Dopeskill's trade dress has acquired secondary meaning in the apparel and lifestyle marketplace.

67.   Moreover, Dopeskill's trade dress acquired its secondary meaning long before Defendants commenced their unlawful use of Dopeskill's trade dress in connection with their products.

68.   Defendants have misappropriated several of Dopeskill's trade dress designs by copying several nonfunctional elements of the Plaintiff's trade dress.

69.   Defendants' manufacture, promotion, and distribution of the products containing elements that copy a combination of several elements of Dopeskill's protected trade dress is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, or association of products with Dopeskill's brand, or to the origin, sponsorship, or approval by Dopeskill of the products.

70.   Defendants use of the trade dress without authorization is in furtherance

of their willful, deliberate, and bad faith scheme to trade upon extensive consumer goodwill and recognition Dopeskill has established in the trade dress, and sow consumer confusion between the parties and their products.

71. Defendants use of Dopeskill's trade dress and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to the goodwill and reputation for quality associated with Dopeskill's trade dress, Dopeskill's products, and Dopeskill.

72. Defendants' manufacture, promotion, and distribution of apparel and lifestyle products that copy a combination of several elements of the Dopeskill trade dress enables Defendants to benefit unfairly from Dopeskill's reputation and success.

73. Defendants use of the Dopeskill trade dress is without authorization from Dopeskill and is likely to dilute the distinctive quality of the Dopeskill trade dress, decrease the capacity of that trade dress to identify and distinguish Dopeskill products, and cause harm to Dopeskill's business reputation.

74. Defendants' acts complained of herein constitute trade dress dilution in violation of 15 U.S.C. § 1125(c).

75. Defendants' use of Dopeskill's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.

76. Defendants' bad faith is evidenced, at least, by Defendants direct, continuous, and egregious copying of numerous Dopeskill products and designs and continued disregard for Dopeskill's rights.

77. Defendants have made and will continue to make, substantial profits and gain from their use of the Dopeskill trade dress in the United States, to which they are not entitled in law or equity.

78. Dopeskill is entitled to injunctive relief and recovery of Dopeskill's actual damages, Defendants' profits, punitive damages, costs, and reasonable attorney's fees.

### FOURTH CLAIM FOR RELIEF

### Trademark Infringement – California Common Law

79.  Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations in the preceding paragraphs of this Complaint.

80.  Defendants infringement of the DOPESKILL Mark constitutes trademark infringement under common law of the state of California.

81.  The Infringing products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bears confusing similar reproductions of the DOPESKILL Mark such as to cause a likelihood of confusion as to the source, sponsorship, or approval by Dopeskill of the Infringing Products.

82.  Defendants unauthorized use of the DOPESKILL Mark has caused and is likely to cause confusion as to the source of the Infringing Products among consumers.

83.  As a direct and proximate result of the foregoing acts, Dopeskill has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Dopeskill is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' infringement, and all gains, profits, and advantages obtained by Defendants as a result of their unlawful acts.

84.  Defendants' unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Dopeskill's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

85.  Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Dopeskill for the damages caused by Defendants' infringement, which is ongoing. Accordingly, Dopeskill is entitled to injunctive relief prohibiting Defendants from continuing to infringe the DOPESKILL Mark.

## **FIFTH CLAIM FOR RELIEF**

### **Trade Dress Infringement – California Common Law**

86.  Dopeskill repeats, realleges, and incorporates herein by reference as

though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

87.   Defendants infringement of the Dopeskill trade dress constitutes trade dress infringement under common law of the state of California.

88.   The Infringing Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Dopeskill trade dress such as to cause a likelihood of confusion as to the source, sponsorship, or approval by Dopeskill of the Infringing Products.

89.   Defendants' unauthorized use of the Dopeskill trade dress caused and is likely to cause confusion as to the source of the Infringing Products and among consumers.

90.   As a direct and proximate result of the foregoing acts, Dopeskill has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Dopeskill is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' infringement, and all gains, profits, and advantages obtained by Defendants as a result of their unlawful acts.

91.   Defendants' unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Dopeskill's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

92.   Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Dopeskill for the damages caused by Defendants' infringement, which is ongoing. Accordingly, Dopeskill is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Dopeskill trade dress, or any designs confusingly similar thereto.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition – Cal. Bus. & Prof. Code, § 17200 *et. seq.*

93. Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

94. Defendants' misappropriation and unauthorized use of the DOPESKILL Mark and trade dress to promote the Infringing Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Dopeskill, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq*.

95. Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the DOPESKILL Mark and trade dress and with intent to misappropriate Dopeskill's goodwill and reputation established in the DOPESKILL Mark and trade dress.

96. Defendants' misappropriation and unauthorized use of the DOPESKILL Mark and trade dress to promote the Infringing Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Dopeskill, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq*.

97. As a direct and proximate result of the foregoing acts, Dopeskill has suffered and will continue to suffer significant injuries in an amount to be determined at trial.

98. Dopeskill is entitled to all available relief provided for under the the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendants made on account of their deceptive, unfair, and fraudulent business practices.

99. Furthermore, because Dopeskill has no adequate remedy at law for Defendants' ongoing unlawful conduct, Dopeskill is entitled to injunctive relief

prohibiting Defendants from unfair competition.

## SEVENTH CLAIM FOR RELIEF

### Unfair Competition – California Common Law

100. Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

101. Defendants' misappropriation and unauthorized use of the DOPESKILL Mark and trade dress to promote the Infringing Products also constitutes unfair competition in violation of common law of the state of California.

102. Dopeskill has expended substantial time, resources, and effort in creating and developing Dopeskill streetwear, including the DOPESKILL Mark and trade dress, which consumers recognize as originating from Dopeskill.

103. Upon information and belief, Defendants introduced the Infringing Products into the stream of commerce in order to exploit Dopeskill's goodwill and the reputation established in the DOPESKILL Mark and trade dress for Defendants' own pecuniary gain.

104. Defendants unauthorized use of the DOPESKILL Mark and trade dress resulted in Defendants' unfairly benefitting from Dopeskill's goodwill and the reputation established in the DOPESKILL Mark and trade dress.

105. Upon information and belief, Defendants' unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of Dopeskill's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

106. As a direct and proximate result of the foregoing acts, Dopeskill has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Dopeskill is entitled to recover all damages, including attorneys' fees, that Dopeskill has sustained on account of Defendants' unfair competition, and all gains,

profits and advantages obtained by Defendants as a result of their unlawful acts. Furthermore, because Dopeskill has no adequate remedy at law for Defendants' ongoing unlawful conduct, Dopeskill is entitled to injunctive relief prohibiting Defendants from unfair competition.

**EIGHTH CLAIM FOR RELIEF**

**Copyright Infringement – 17 U.S.C. § 501**

107. Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

108. Upon information and belief, Dopeskill alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) viewing Dopeskill website, online profiles, publications, and features; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants; and (c) products manufactured and sold to the public products lawfully printed with the Subject Designs by Dopeskill for its customers.

109. Upon information and belief, Dopeskill alleges that one or more of Defendants manufactures products and/or is a product vendor. Dopeskill is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied unauthorized print designs to said retailers which infringed the Subject Designs in that said unauthorized print design(s) were identical or substantially similar to the Subject Designs or were illegal derivations or modifications thereof.

110. Upon information and belief, Dopeskill alleges that Defendants, and each of them, infringed Dopeskill's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling products which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

111. Due to Defendants' acts of infringement, Dopeskill has suffered substantial damages to its business in an amount to be established at trial.

112. Due to Defendants' acts of infringement, Dopeskill has suffered general and special damages in an amount to be established at trial.

113. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Dopeskill is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Dopeskill's rights in the Subject Designs in an amount to be established at trial.

114. Dopeskill is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## NINTH CLAIM FOR RELIEF

### Vicarious and/or Contributory Copyright Infringement

115. Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

116. Upon information and belief, Dopeskill alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Designs by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify their orders for the manufacture or purchase of the Infringing Products.

117. Dopeskill is informed and believes and thereon alleges that Defendants

had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Dopeskill's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with yet undiscovered DOE Defendants and/or direct infringers will be ascertained during discovery in this action.

118. Upon information and belief, Dopeskill alleges that each of the retailer Defendants had written agreements with the DOE Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Designs affixed to the Infringing Products.

119. Dopeskill is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

120. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Dopeskill has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

121. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Dopeskill is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Dopeskill's rights in the Subject Designs, in an amount to be established at trial.

122. Dopeskill is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## **TENTH CLAIM FOR RELIEF**

### **Violation of 17 U.S.C. § 1202(a) and (b)**

123. Dopeskill repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

124. Dopeskill regularly included copyright management information ("CMI") when publishing its work, which included a signature indicating Dopeskill's ownership of the Subject Design(s). An exemplar of that CMI and Defendants' removal of the same is set forth below:

| CMI Exemplar: | Defendants' Removal of CMI: |
|---|---|
|  |  |

125. Upon information and belief, it is alleged that Defendants, and each of them, removed Dopeskill's CMI from the Subject Design(s), before exploiting them on clothing and online.

126. Upon information and belief, it is alleged that Defendants, and each of their, addition of their CMI to any product, material, or content incorporating, in whole

or in part, the Subject Design(s) was false because Defendants do not own any rights or license relevant to the Subject Design(s).

127. Upon information and belief, it is alleged that Defendants, and each of them, distributed products bearing false CME, including without limitation, CMI indicating that they held right in or a license relevant to the Subject Design(s).

128. Upon information and belief, Defendants, and each of them, removed Dopeskill's CMI from its work and appended their false CMI to Dopeskill's work, and distributed false CMI knowingly, intentionally, and with intent to conceal their own infringement and enable and facilitate their sale of the Infringing Products.

129. The above conduct violates 17 U.S.C. § 1202(a) and (b) and Dopeskill resultantly seeks separate statutory damages awards for each violation as well as attorneys' fees and any other damages resulting from the violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dopeskill respectfully requests that this Court enter judgment in its favor and against Defendants Shein and DOES 1-10 as follows:

### **Pursuant to Claims One through Seven of this Complaint:**

1.  A judgment that Defendants have violated the Lanham Act 15 U.S.C. §§ 1114 and 1125(a);

2.  An order permanently restraining and enjoining Defendants, their servants, employees, officers, associates, and all persons acting in concert with any of them from infringing Dopeskill's intellectual property at issue, including but not limited to infringing acts such as,

    a.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products or any products that bear an identical or confusingly similar design as the DOPESKILL mark and/or trade dress;

    b.  engaging in any other activity constituting unfair competition with Dopeskill or acts and practices that deceive consumers,

the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Dopeskill; and

c. committing any other act which falsely represents, or which has the effect of falsely representing goods and services of Defendants' are licensed, authorized, offered, produced, sponsored, or in any other way associated with Dopeskill;

3. An order requiring Defendants to recall from any distributors and retailers and to deliver to Dopeskill for destruction any Infringing Products, including all advertising, promotional and marketing materials therefor and the means of making the same;

4. An order requiring Defendants to file with this Court and serve on Dopeskill within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendants complied with the injunction;

5. An order directing that Defendants account for and pay over to Dopeskill all gains, profits, and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a) and any other applicable federal statute or California state and common law;

6. Awarding Dopeskill statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

7. Awarding Dopeskill actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

8. Awarding Dopeskill costs, attorneys' fees, investigatory fees, and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

9. Awarding Dopeskill pre-judgment interest on any monetary award made part of the judgment against Defendants; and

10.     Awarding Dopeskill such additional and further relief as the Court deems just and proper.

### **Pursuant to Claims Eight through Ten of this Complaint:**

11.     A judgment that Defendants have violated the Copyright Act 17 U.S.C. §§ 501 and 1202(a)-(b);

12.     An order enjoining Defendants, their agents and employees from infringing Dopeskill's copyrights in any manner, specifically those for the Subject Designs;

13.     Awarding Dopeskill all profits of Defendants plus all losses of Dopeskill, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504 and/or 17 U.S.C. § 1203.

14.     Imposing a trust over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

15.     Awarding Dopeskill its attorneys' fees as available under Copyright Act, 17 U.S.C. § 505;

16.     Directing that Defendants, and each of them, account to Dopeskill for their profits and any damages sustained by Dopeskill arising from the foregoing acts of infringement;

17.     Awarding Dopeskill pre-judgment interest as allowed by law;

18.     Awarding Dopeskill the costs of this action; and

19.     Awarding Dopeskill such further legal and equitable relief as the Court deems just and proper.

### **JURY DEMAND**

Dopeskill demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: September 15, 2025

By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*